UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JIGAR PATEL, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 5:15-cv-01959-MHH |
| } | |
| AMISH SHAH, et al., } | |
| } | |
| Defendants. } | |

## **MEMORANDUM OPINION**

This opinion concerns four proposed FLSA settlements. In their amended complaint, plaintiffs Jigar Patel, Palak Patel, Kanu Patel, and Veena Patel contend that their former employers, defendants Ashish Shah, Anthony Sharifi, Sharifi, Inc., and Eat Fresh, Inc., violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*[1] The plaintiffs have accepted offers of judgment, and the parties have asked the Court to approve the proposed resolution of this FLSA action. (Doc. 40). The Court will approve the plaintiffs' acceptance of the offers

---

[1] On September 22, 2016, plaintiffs Payal Patel and Shreepal Patel filed a notice of voluntary dismissal of their claims against the defendants. (Doc. 25). The defendants did not object to dismissal of the claims but requested that the Court award costs in favor of the defendants. (Doc. 26). On October 25, 2016, the Court dismissed Payal Patel's and Shreepal Patel's FLSA claims and reserved the issue of costs for resolution at a later date. (Doc. 28).

of judgment because the proposed judgments are fair and reasonable compromises of a bona fide dispute.

**I.     BACKGROUND**

The defendants own and operate two Subway restaurants in Huntsville, Alabama. (Doc. 14, ¶¶ 1, 12-14). The plaintiffs worked for the defendants' restaurants as non-exempt hourly employees. (Doc. 14, ¶¶ 5-8). The plaintiffs made sandwiches, served customers, and engaged in other non-exempt jobs. (Doc. 14, ¶¶ 5-8).

According to the plaintiffs, on numerous occasions, the defendants required them to work more than 40 hours in a given workweek and refused to pay them overtime wages for those hours. (Doc. 14, ¶¶ 1, 25, 29-31). In their answer to the plaintiffs' amended complaint, the defendants deny that they failed to properly compensate the plaintiffs under the FLSA. (Doc. 15, ¶¶ 5-8, 25, 29-31).

For purposes of resolving this action, the parties reviewed the defendants' payroll and time records for each plaintiff. (Doc. 40, ¶¶ 7-8). The plaintiffs contend that the records demonstrate that the defendants did not pay overtime wages for all hours worked over 40 in a given workweek. (Doc. 40, ¶ 7). The defendants contend that the plaintiffs' testimony, clock-in/clock-out reports, payroll records, and other information produced during discovery demonstrate that

the plaintiffs are not eligible for overtime under the FLSA because of the bona fide executive exemption.[2] (Doc. 40, ¶ 8). The defendants also maintain that documents produced in discovery reveal that some of the plaintiffs already have received full compensation for hours worked over 40 in a given workweek. (Doc. 40, ¶ 8).

Based on their own records, the defendants' records, and the plaintiffs' memories, plaintiffs Palak Patel, Veena Patel, and Kanu Patel made settlement demands for $992.52, $463.56, and $2,574.26, respectively. (Doc. 40, ¶ 4).[3] The defendants then made, and the plaintiffs accepted, offers of judgment in the following amounts:

- Jigar Patel ($500.00);
- Palak Patel ($1,000.00);
- Veena Patel ($2,000.00); and
- Kanu Patel ($3,000.00).

(Doc. 40-1; Doc. 40-2; Doc. 40-3; Doc. 40-4). For plaintiffs Jigar Patel, Palak Patel, and Kanu Patel, the proposed judgments exceed their unpaid overtime wages without accounting for liquidated damages. (Doc. 40, ¶ 10). For plaintiff Veena Patel, the proposed judgment accounts for both unpaid overtime wages and

---

[2] The FLSA exempts certain workers from protection, including employees employed in a "bona fide executive" position. *See* 29 U.S.C. § 213(a)(1).

[3] Plaintiff Jigar Patel did not make a settlement demand. (Doc. 40, ¶ 4).

liquidated damages. (Doc. 40, ¶ 10). The parties represent to the Court that they believe that the offers of judgment reflect fair and reasonable compromises of this FLSA dispute. (Doc. 40, ¶ 11).[4]

On this record, the Court considers the parties' motion to approve the proposed resolution of this action.

## II. DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'" *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in *Christopher*)). In addition to mandating a minimum wage, "the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Id.* (citing 29 U.S.C. § 207(a); *see also* 29 U.S.C. § 206(a)). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'" *Barrentine*, 450 U.S. at 739 (emphasis in original). In doing so, Congress sought to protect "the public's independent interest in assuring that employees' wages are

---

[4] The parties were unable to reach an agreement regarding attorneys' fees and costs. (Doc. 40, ¶ 13).

fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).

If an employee proves that his or her employer violated the FLSA, then the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, reasonable attorneys' fees, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank*, 324 U.S. at 707. "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at

1353; *see also Hogan*, 821 F. Supp. 2d at 1281-82.[5]  "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  The information that the parties provide also should enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a

---

[5] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.  An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

679 F.2d at 1352-53 (footnotes omitted).  The Eleventh Circuit reiterated the import of *Lynn's Food* in *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).[6]

Based on the Court's review of the information that the parties submitted regarding the terms of the proposed judgments, the Court finds that there is a bona fide dispute between the parties, and the terms to which the parties have agreed to resolve this action are fair and reasonable. (*See* Doc. 40). The proposed judgments exceed the amount of the plaintiffs' unpaid overtime wages. (Doc. 40, ¶ 5). The plaintiffs appreciated the risks and costs associated with litigating their claims and determined that the offers of judgment represent a just compromise. (Doc. 40, ¶¶ 9-11). The Court finds that the proposed judgments are fair and reasonable under the circumstances of this case.

## III. CONCLUSION

For the reasons stated above, the Court approves the parties' proposed resolution of the plaintiffs' claims. The Court concludes that there is a bona fide dispute regarding the plaintiffs' FLSA claims, and the terms that the parties have

---

[6] The parties have presented their agreement to the Court in the form of offers of judgment that the parties represent exceed the amount of the plaintiffs' claimed overtime wages. (Doc. 40, ¶ 10). The Court reviews the offers of judgment as it would proposed settlement agreements or other stipulations regarding the compromise of an FLSA claim. *See Silva*, 307 Fed. Appx. at 351 ("On its face, *Lynn's Food* suggests no exception to judicial oversight of settlements when the employee receives all wages due[.]"); *see also Dees*, 706 F. Supp. 2d at 1240 ("To the extent that the employee receives a full wage but relinquishes something else of value, the agreement (even if exhibited to the court as a stipulation for 'full compensation' or an offer of judgment) involves a 'compromise,' and *Lynn's Food* requires judicial approval of the compromise.").

negotiated constitute a fair and reasonable resolution of that dispute. The Court will enter a separate order entering judgment in favor of the plaintiffs.

**DONE** and **ORDERED** this May 23, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE