UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JIGAR PATEL, et al., | } |
| Plaintiffs, | } |
| v. | } Case No.: 5:15-cv-01959-MHH |
| AMISH SHAH, et al., | } |
| Defendants. | } |

# MEMORANDUM OPINION AND ORDER

On May 23, 2017, consistent with the plaintiffs' acceptance of the defendants' offers of judgment and the Court's approval of the offers of judgment as a fair and reasonable settlement of the FLSA claims in this action, the Court entered judgment against the defendants and in favor of the plaintiffs in varying amounts. (Doc. 42). The plaintiffs then filed a motion for an award of attorney's fees in the amount of $33,803.50 and costs in the amount of $888.06. (Doc. 43). The defendants do not oppose the plaintiffs' request for $888.06 in costs. The defendants contend that the plaintiffs are not entitled to a fee award because the offers of judgment were silent with respect to attorney's fees. Alternatively, the

defendants argue that the plaintiffs' requested attorney fee award is too high. (Doc. 48).

For the reasons stated below, the Court awards the plaintiffs costs in the amount of $888.06. The Court finds that the plaintiffs are entitled to a fee award. The Court directs the parties to mediate their dispute with respect to the amount of the fee award.

**BACKGROUND**

Plaintiffs Jigar Patel, Palak Patel, Kanu Patel, and Veena Patel filed this action on October 30, 2015. (Doc. 1).[1] In their amended complaint, the plaintiffs alleged that their former employers, defendants Ashish Shah, Anthony Sharifi, Sharifi, Inc., and Eat Fresh, Inc., violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (Doc. 14). The plaintiffs worked for the defendants' Subway restaurants in Huntsville, Alabama as non-exempt hourly employees. (Doc. 14, ¶¶ 5-8). The plaintiffs made sandwiches, served customers, and engaged in other non-exempt jobs. (Doc. 14, ¶¶ 1, 5-8). The plaintiffs maintained that on numerous occasions, the defendants required them to work more than 40 hours in a given workweek and refused to pay them overtime wages for those hours. (Doc. 14, ¶¶ 1, 25, 29-31).

---

[1] Two other plaintiffs initially sued the defendants. (Doc. 25). The Court has dismissed those plaintiffs' FLSA claims. (Doc. 28).

On June 21, 2016, plaintiff Jigar Patel accepted the defendants' offer of judgment in the amount of $500.00. (Doc. 21; Doc. 22-1, p. 2). The offer of judgment reads:

> COME NOW the Defendants Ashish Shah, Anthony Sharifi, Sharifi, Inc., and Eat Fresh, Inc., and pursuant to Rule 68 of the Federal Rules of Civil Procedure, offer to allow judgment to be taken against the Defendant, Eat Fresh, Inc., and in favor of the Plaintiff, Jigar Patel, in the total sum of Five Hundred Dollars ($500.00), in complete resolution of all claims stated by this plaintiff against any defendant in the above-styled action.

(Doc. 22-1, p. 2).

On October 5, 2016, consistent with the discussion during an October 4, 2016 status conference, the Court ordered the parties to mediate the outstanding FLSA claims over the next two weeks. (Doc. 28). On three occasions over the following month, the parties requested additional time to engage in settlement discussions. (Docs. 30, 31, 32, 33, 34, 35, 37).

On November 18, 2016, plaintiffs Palak Patel, Veena Patel, and Kanu Patel accepted the defendants' offers of judgment in the amounts of $1,000, $2,000, and $3,000, respectively. (Doc. 40-2; Doc. 40-3; Doc. 40-4).

The defendants' offer of judgment concerning Palak Patel reads:

> COME NOW the Defendants, Ashish Shah, Anthony Sharifi, and Sharifi, Inc., and pursuant to Rule 68 of the Federal Rules of Civil Procedure, offer to allow judgment to be taken against them in favor of the Plaintiff, Palak Patel, in the total sum of One Thousand Dollars ($1,000.00), in complete resolution of all

claims stated by this plaintiff against any defendant in the above-styled action.

(Doc. 40-2, p. 2).

The defendants' offer of judgment concerning Veena Patel reads:

> COME NOW the Defendants, Ashish Shah, Anthony Sharifi, and Sharifi, Inc., and pursuant to Rule 68 of the <u>Federal Rules of Civil Procedure</u>, offer to allow judgment to be taken against them in favor of the Plaintiff, Veena Patel, in the total sum of Two Thousand Dollars ($2,000.00), in complete resolution of all claims stated by this plaintiff against any defendant in the above-styled action.

(Doc. 40-3, p. 2).

The defendants' offer of judgment concerning Kanu Patel reads:

> COME NOW the Defendants, Ashish Shah, Anthony Sharifi, and Sharifi, Inc., and pursuant to Rule 68 of the <u>Federal Rules of Civil Procedure</u>, offer to allow judgment to be taken against them in favor of the Plaintiff, Kanu Patel, in the total sum of Three Thousand Dollars ($3,000.00), in complete resolution of all claims stated by this plaintiff against any defendant in the above-styled action.

(Doc. 40-4, p. 2).

On March 2, 2017, the parties filed a joint motion for approval of the offers of judgment as a fair and reasonable settlement of this FLSA action. (Doc. 40). In the motion, the parties noted that they were "not able to agree regarding payment of attorneys' fees or costs." (Doc. 40, p. 5). The plaintiffs

4

indicated that they planned to file a fee petition, and the defendants requested an opportunity to respond. (Doc. 40, pp. 5-6).

On May 23, 2017, the Court approved the parties' proposed resolution of the claims of Jigar Patel, Palak Patel, Veena Patel, and Kanu Patel. (Doc. 41). The Court entered judgment against the defendants and in favor of the plaintiffs in amounts consistent with the offers of judgment. (Doc. 42). After the Court entered a final judgment, the plaintiffs petitioned the Court for an award of costs and attorney's fees. (Doc. 43).

**DISCUSSION**

Rule 68 of the Federal Rules of Civil Procedure provides, in relevant part:

At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

**1. Costs**

The Supreme Court has held that if an offer of judgment "does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of Rule to include in its judgment an additional amount which in its discretion . . . it determines to be sufficient to cover the costs." *Marek. v. Chesney*, 473 U.S. 1, 6 (1985); *see Utility Automation 2000, Inc. v.*

*Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1241 (11th Cir. 2002) ("The sole constraint Rule 68 places on offers of judgment is its mandate that an offer include "costs then accrued.").

In this case, although the defendants' offers of judgment to Jigar Patel, Palak Patel, Veena Patel, and Kanu Patel do not include costs, the Court is bound by the terms of Rule 68 to award to the plaintiffs the costs that they had accrued through the date on which the defendants made the offers of judgment. *See Marek*, 473 U.S. at 6. The plaintiffs seek to recover costs in the amount of $888.06. (Doc. 44, p. 18). This amount consists of $430.86 in filing and service fees and $457.20 in fees for printed or electronically recorded transcripts. (Doc. 44, p. 18). The defendants do not object to the plaintiffs' request for costs in the amount of $888.06. (Doc. 48, p. 1). Therefore, consistent with *Marek*, the Court will award the plaintiffs $888.06 in costs.

**2.  Fee Award**

In addition to costs, the plaintiffs seek an award of fees in the amount of $34,691.56. (Doc. 44, p. 2). Citing the Eleventh Circuit's decision in *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997), the defendants contend that the plaintiffs are not entitled to an attorney's fee award because the offers of judgment are silent with respect to attorney's fees. (Doc. 48, pp. 2-3). The Court disagrees.

In *Arencibia*, the plaintiff accepted an offer of judgment in the amount of $4,000 to resolve his FLSA claims against the defendant. *Arencibia*, 113 F.3d at 1213. The offer of judgment "did not mention costs or attorney's fees." *Arencibia*, 113 F.3d at 1213. The district court entered a final judgment and reserved jurisdiction to award costs and fees. *Arencibia*, 113 F.3d at 1213. The Eleventh Circuit found that "the district court properly reserved jurisdiction in its final judgment to determine costs awardable to" the plaintiff, but "the district court erred in reserving jurisdiction to award" fees. *Arencibia*, 113 F.3d at 1214. The *Arencibia* court explained that the costs contemplated by Rule 68 only include fees "if the underlying statute defines 'costs' to include attorney's fees," and the Eleventh Circuit vacated the portion of the district court's judgment reserving jurisdiction to award fees "[b]ecause §16(b) of the FLSA does not define 'costs' to include attorney's fees." *Arencibia*, 113 F.3d at 1214.

Five years after *Arencibia*, the Eleventh Circuit clarified that "[t]he only issue before this Court in *Arencibia* was whether the district court could grant attorney's fees as costs 'by virtue of Rule 68.'" *Utility Automation*, 298 F.3d at 1241 (quoting *Arencibia*, 113 F.3d at 1214). In *Utility Automation*, the Eleventh Circuit explained "in the appropriate circumstances a plaintiff may be entitled to attorneys' fees under the 'costs then accrued' phrase from Rule 68 itself, and independently under the statute or other authority that gave rise to the suit." *Utility*

7

*Automation*, 298 F.3d at 1243. The Eleventh Circuit concluded that under the circumstances, the plaintiff could not recover fees as Rule 68 "costs accrued," but the Court found that the plaintiff could recover fees pursuant to the terms of the contract that gave rise to the underlying suit. *Utility Automation*, 298 F.3d at 1243.

The same rationale applies here. Although the plaintiffs may not recover fees as costs pursuant to Rule 68, *see Arencibia*, 113 F.3d at 1214, the plaintiffs are entitled to fees pursuant to the plain language of the FLSA. The FLSA provides that the "court in such action shall, in addition to any judgment award to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

To the extent that the defendants argue that the offers of judgment were inclusive of fees, the Court is not persuaded. Plaintiffs' counsel have consistently and firmly rejected the defendants' argument that the defendants' various offers of judgment included fees. *See, e.g.*, Docs. 37, 40. Moreover, the Court must construe ambiguities in the offers of judgment against the defendants. "Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror," and "any ambiguity in the terms of an offer must be resolved against its drafter, and therefore, absent a clear indication to the contrary the accepting party cannot de deemed to have received its fees or waived the right to seek them." *Utility Automation*, 298 F.3d at 1244. The

Eleventh Circuit has explained that the rationale for this rule is based on the parties' respective positions relative to Rule 68 offers:

> Rule 68 places the offerree in a most unusual posture in the landscape of settlement contracts. While an offeree can respond to an ordinary settlement offer through a counteroffer or seek to clarify or modify its terms, a Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to conform it to the understanding of both parties. Only the offeror can ensure that the offer clearly includes or excludes fees.

*Utility Automation*, 298 F.3d at 1244.

Here, the defendants' four final offers of judgment state that the defendants offer a certain sum to a particular plaintiff "in complete resolution of all claims stated by" that plaintiff. (Doc. 22-1, p. 2; Doc. 40-2, p. 2; Doc. 40-3, p. 2; Doc. 40-4, p. 2). The offers of judgment say nothing with respect to fees, and nothing in the language of the defendants' offers suggests that any of the offers "includes fees or that accepting the offer[s] otherwise waive [the plaintiffs'] ability to recover them under Rule 68 or any other authority." *Utility Automation*, 298 F.3d at 1244; *see also Allen v. City of Grovetown*, 681 Fed. Appx. 841, 844-45 (11th Cir. 2017) ("[O]ffering to pay $100,000 to satisfy Plaintiffs' 'claims for relief' does not unambiguously communicate that the offer includes fees."). Thus, the Court finds that the offers of judgment do not include fees.

Because the FLSA grants to a prevailing FLSA plaintiff payment of reasonable fees in addition to a judgment award and because the FLSA provides for payment of fees separate from costs, the Court concludes that the plaintiffs are entitled to an award of fees in addition to the judgment and costs amounts.

**CONCLUSION**

For the reasons explained above, the Court awards the plaintiffs costs in the amount of $888.06. The Court finds that the offers of judgment do not include fees, and under the FLSA, the plaintiffs are entitled to payment of reasonable fees. **Within 45 days of entry of this order**, the parties shall mediate their dispute concerning the amount of the fee award and submit their proposed resolution for Court approval.[2]

**DONE** and **ORDERED** this February 7, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] As an alternative to their argument that the plaintiffs are not entitled to a fee award, the defendants submit that the requested fee award includes unreasonable hours and is not based on the prevailing market rate. (Doc. 48, pp. 3-12). The plaintiffs disagree and contend that they seek a fee award for required hours and that they have submitted appropriate evidence in support of their hourly rate and the reasonableness of the fee award. (Doc. 51, pp. 9-15).